# UNITED STATES DISTRICT COURT

# DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA,    :

   Plaintiff,       :

VS.            :  Docket No.

THE NANO GROUP, INC., INFRAMAT  :
CORPORATION, U.S. NANOCORP, INC.,
And INFRAMAT ADVANCED MATERIALS, :
LLC,
             :
   Defendants.      April 15, 2020

## COMPLAINT

Plaintiff United States of America ("United States") brings this action on behalf of the United States Department of Defense, Department of the Air Force ("Air Force"), the United States Department of Health & Human Services ("HHS"), the National Science Foundation ("NSF"), and the United States Department of Labor ("DOL") (collectively the "United States," except where an individual federal agency is specified), against the Nano Group, Inc., Inframat Corporation, U.S. Nanocorp, Inc. and Inframat Advanced Materials, LLC (collectively "the Defendants") to recover monies that the Defendants wrongfully obtained from the United States.

For its causes of action, the United States allege as follows:

## NATURE OF ACTION

1.  The United States brings this action to recover statutory damages and civil penalties under the False Claims Act, 31 U.S.C. §§ 3729-3733; the Program Fraud Civil

Remedies Act, 31 U.S.C. §§ 3801-3812; and common law theories of breach of contract, payment by mistake, unjust enrichment and fraud.

2. The United States alleges that the Defendants wrongfully obtained payments from the United States through fraudulent billing, commingling of federal grant funds, wrongful receipt of federal grant funds, and failure to forward 401(k) Plan contributions.

## JURISDICTION

3. This Court has subject matter jurisdiction to entertain this False Claims Act action under 28 U.S.C. §§ 1331 and 1345. The Court possesses supplemental jurisdiction to entertain the Connecticut state law, common law and equitable causes of action pursuant to 28 U.S.C. § 1367(a) and 31 USC § 3732(b).

4. This Court has personal jurisdiction over defendants pursuant to 31 U.S.C. § 3732(a) because defendants reside in, and/or transact and have transacted business in this District, and because defendants committed acts within this District that violated 31 U.S.C. § 3729.

## VENUE

5. Venue is proper in the District of Connecticut under 31 U.S.C. § 3732 and 28 U.S.C. § 1391(b) and (c) because defendants reside and/or transact business in this District, and because defendants committed acts within this District that violated 31 U.S.C. § 3729.

## PARTIES

6. The United Sates brings this action on behalf of the United States Department of Defense, Department of the Air Force, the United States Department of Health & Human

Services, the National Science Foundation, and the United States Department of Labor.

7.      The Defendants comprise four business entities.  Inframat Corporation ("Inframat") is the parent corporation of Inframat Advance Materials, LLC.  The Nano Group, Inc. is purely a holding company, and it does not do any business.  Both Inframat and U.S. Nanocorp, Inc., primarily do sponsored research for the United States government, plus a small amount of commercial work.  Inframat Advanced Materials, LLC, does not do any sponsored research; instead, it manufactures, imports or resells a variety of materials.

8.      The Companies are currently located in Manchester, Connecticut.

## THE FEDERAL FALSE CLAIMS ACT

9.      The federal False Claims Act provides, in pertinent part that:

(a)      Liability for Certain Acts.  (1) [A]ny person who—

(A)      knowingly presents, or causes to be presented, a false or Fraudulent claim for payment or approval;

(B)      knowingly makes, uses or causes to be made or used, a false record or statement material to a false or fraudulent claim;

* * *

is liable to the United States Government . . . .

(b)      For purposes of this section- (1) the terms "knowing" and "knowingly"- (A) mean that a person, with respect to information (i) has actual knowledge of the information; (ii) acts in deliberate ignorance of the truth or falsity of the information; or (iii) acts in reckless disregard of the truth or falsity of the information, and (B) require no proof of specific intent to defraud. 31 U.S.C. § 3729.

## THE FRAUDULENT CONDUCT

## COUNT I: UNITED STATES AIR FORCE

10.     The United States re-alleges and incorporates by reference paragraphs 1 through 9 as though fully set forth herein.

11.     On May 21, 2004, Inframat was awarded United States Air Force contract FA9300-04-C-0033 ("Contract 0033") in the amount of $749,999.84.  Contract 0033 was for the period of June 8, 2004 to July 23, 2006.  Contract 0033 was subsequently modified on July 22, 2005 to increase the amount to $1,499,999.84 and to extend the period of performance to July 3-, 2007.  The period of performance was eventually extended to December 30, 2011.

12.     In March and April of 2005, Inframat fraudulently billed Contract 0033 for work associated with an unrelated contract.

13.     In May of 2005, Inframat fraudulently billed Contract 0033 for amounts that had already been previously billed to Contract 0033 and paid to Inframat by the Air Force.

14.     The University of Houston was an Inframat subcontractor for Contract 0033.  On multiple dates between September of 2005 and July of 2007, Inframat billed the Air Force for University of Houston subcontractor costs that were never paid to the subcontractor and were instead retained by Inframat.

15.     Inframat knowingly presented or caused to be presented false or fraudulent claims for payment or approval.

16.     By virtue of the false or fraudulent claims made by Inframat, the United States suffered damages and therefore is entitled to statutory damages under the False Claims Act, to be determined at trial, plus a civil penalty for each violation.

## COUNT II: DEPARTMENT OF HEALTH & HUMAN SERVICES

17.     The United States re-alleges and incorporates by reference paragraphs 1 through 16 as though fully set forth herein.

18.     For the period of 2000 to 2006, Inframat was awarded four HHS, National Institutes of Health ("NIH") Small Business Innovation Research grants (collectively, the "NIH Grants") in the amount of approximately $2,000,000.  The NIH Grants were from the following NIH institutes:

        a.     National Institute of Arthritis and Musculosketal and Skin Diseases, grant award number AR047278.  The grant was for the period of September 2000 to August 2006 and the total award was $1,200,849.

        b.     National Institute of Neurological Disorders and Stroke, grant award number NS046088.  The grant was for the period of June 2003 to May 2005 and the total award was $398,329.

        c.     National Institute of General Medical Sciences, grant award number GM063287.  The grant was for the period of September 2003 to November 2004, and there was a nine month no cost extension extending the period of the grant through to August 2005.  The total award was in the amount of $377,141.

        d.     National Institute of Dental and Craniofacial Research, grant award number DE015881.  The grant was for the period of April 2004 to March 2005 and the total award was $99,998.

19.     For the period of September 2002 to August 2004, U.S. Nanocorp, Inc. was awarded one NIH grant, HL64984, in the amount of $646,486.  There were two no cost extensions on this grant extending the period of the grant through to June 2005.

20.     From September 2002 through August 2006, Government funds received by Inframat and U.S. Nanocorp, Inc., including the above-mentioned NIH Grants, were improperly commingled in one bank account for either Inframat or U.S. Nanocorp, Inc.  When government funds were received, the funds were used to pay the immediate needs of those companies, regardless of whether the expenses were related to a particular government grant.  Based on HHS Office of Inspector General analysis, it was determined that there was a substantial discrepancy between the disbursement that those companies reported to the government for the HHS grants and the actual expense paid out.

21.      Inframat and U.S. Nanocorp, Inc. knowingly improperly commingled or caused to be improperly commingled government funds.

22.     By virtue of the improper commingling of government funds by Inframat and U.S. Nanocorp, Inc., the United States suffered damages and therefore is entitled to statutory damages under the False Claims Act, to be determined at trial, plus a civil penalty for each violation.

## COUNT III: NATIONAL SCIENCE FOUNDATION

23.     The United States re-alleges and incorporates by reference paragraphs 1 through 22 as though fully set forth herein.

24.     On February 24, 2009, Inframat submitted a grant proposal to NSF entitled, "STTR Phase I: Spray-on Nanostructured Metal Oxide Films for Efficient Solar Energy Conversion."

25.     On May 7, 2009, the Department of the Army issued to U.S. Nanocorp, Inc., Inframat, and Inframat Advance Materials, LLC a Notice of Proposed Debarment ("Army Notice") as a result of several false claims that U.S. Nanocorp, Inc. had submitted to the Army.

In the Army Notice, the entities were informed that they had been placed on the Excluded Parties List System ("EPLS").

26.     Despite having a proposal pending with NSF at the time, Inframat failed to inform NSF that it had been placed on the EPLS, as it was required to do.  On June 24, 2009, NSF awarded Inframat a large amount of funds in connection with its February 24, 2009 proposal. Despite being ineligible to receive Federal funds because of the Army's May 7, 2009 proposed debarment under the Federal Acquisition Regulations, Inframat accepted the award and requested from NSF a substantial amount of the awarded funds.

27.     On October 23, 2009, the Department of the Army entered into an Administrative Compliance Agreement with the Defendants.

28.     On December 16, 2009, NSF's Office of Inspector General alleged that Inframat had wrongfully received a substantial amount in NSF funds.

29.     On April 2, 2012, NSF terminated the award previously issued to Inframat to protect the remaining balance of the awarded funds that had not yet been disbursed.

30.     U.S. Nanocorp, Inc., Inframat, and Inframat Advance Materials, LLC knowingly engaged in misconduct after being placed on the EPLS and received payment of government funds by mistake.

31.     By virtue of the payment of government funds by mistaken or erroneous understandings of material fact as a result of omission of facts by U.S. Nanocorp, Inc., Inframat, and Inframat Advance Materials, LLC, the United States suffered damages and therefore is entitled to statutory damages under the False Claims Act, to be determined at trial, plus a civil penalty for each violation.

## COUNT IV: DEPARTMENT OF LABOR

32.     The United States re-alleges and incorporates by reference paragraphs 1 through 31 as though fully set forth herein.

33.     At all relevant times, the Defendants maintained the Inframat Corp./Nano Corp./Inframat Advanced Materials 401(k) Plan ("Plan"), which was initially held at Phoenxi Investments and then transferred to the John Hancock Life Insurance Company.

34.     An investigation by DOL, conducted through its Office of Inspector General ("OIG") and the Employee Benefits Security Administration ("EBSA"), concluded that during the period 2003 through 2006, the Defendants failed to forward Plan contributions totaling $10,739.00 that had been withheld from the paychecks of the participants in the Plan.

35.     Inframat Corp./Nano Corp./Inframat Advanced Materials knowingly failed to make contributions to the Plan as required by applicable statutes, regulations and guidelines that govern 401k Plans, and were unjustly enriched.

36.     By virtue of Inframat Corp./Nano Corp./Inframat Advanced Materials unjust enrichment, the United States suffered damages and therefore is entitled to statutory damages under the False Claims Act, to be determined at trial, plus a civil penalty for each violation.

## COUNT V: BREACH OF CONTRACT

37.     The United States re-alleges and incorporates by reference paragraphs 1 through 36 as though fully set forth herein.

38.     At all relevant times, Defendants were parties to written contracts with the United States, whereby the Defendants were authorized and approved to provide certain services to the United States under certain terms and conditions.

39.     The Defendants failed to provide the contracted services and/or failed to comply with all the terms and conditions of the written contracts.

40.     The government funds paid to or obtained by the Defendants is a direct and proximate result of the Defendants' breach of the written contracts and constitute actual damages sustained by the United States, which are to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, the United States demands and prays that judgment be entered in its favor against the Defendants as follows:

a.     Judgment in the amount of $436,050.00, plus interest.

b.     All such other relief as may be just and proper.

Respectfully submitted,

John H. Durham
United States Attorney

*/s/ Christine Sciarrino*
CHRISTINE SCIARRINO
Assistant United States Attorney
United States Attorney's Office
157 Church Street -25th Floor
New Haven, Connecticut   06510
Tel. (203) 821-3780/Fax (203) 773-5315
Email: Christine.Sciarrino@usdoj.gov
Federal No. CT3393